1
2
3          UNITED STATES DISTRICT COURT
4          NORTHERN DISTRICT OF CALIFORNIA
5
6    COLONY INSURANCE COMPANY,              Case No. 18-cv-00519-SI
7                    Plaintiff,
8           v.                             **ORDER RE: DISCOVERY**
                                           Re: Dkt. Nos. 60, 61
9    MT. HAWLEY INSURANCE COMPANY,
     *et al.*,
10                   Defendants.
11

12          Plaintiff Colony Insurance Company and defendant Mt. Hawley Insurance Company have

13   submitted a discovery dispute to the Court for resolution. The dispute concerns defendant's

14   responses to requests for admissions ("RFAs") asking whether defendant "obtained" various

15   documents after denying the insurance claim, and related interrogatories asking for facts

16   supporting every denial. It appears from the parties' filings that plaintiff believes that defendant

17   should have admitted the RFAs instead of denying them, and that plaintiff takes issue with how

18   defendant has interpreted "obtained" in both responding to the RFAs and the related

19   interrogatories.[1] Plaintiff asserts that defendant's discovery responses are inconsistent with

20   statements made by defense counsel in which defense counsel admitted that the documents were

21   "obtained" after the denial of the claim.

22          Federal Rule of Civil Procedure 36(a) provides that "[a] party may serve on any other party

23   a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to:

24   (A) facts, the application of law to fact, or opinions about either . . . ." Fed. R. Civ. Proc.

25   36(a)(1)(A). Rule 36 further provides, "If a matter is not admitted, the answer must specifically

26

27          _____
                   [1] The parties did not provide the Court with a copy of the discovery requests and
28   responses. Plaintiff states that defendant "reinterpreted" "obtained" to mean reviewing certain
     documents online as opposed to physically having the documents.

deny it or state in detail why the answering party cannot truthfully admit or deny. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest. . . ." *Id.* at 36(a)(4). "[A]n evasive denial one that does not 'specifically deny the matter,' or a response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission." *Asea, Inc. v. Southern Pacific Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1982) (citation omitted).

It is unclear to the Court what relief plaintiff is seeking. Defendant interprets plaintiff's filing as a request for leave to file a motion to compel defendant to change its responses to the RFAs from denials to admissions. If that is the relief plaintiff seeks, the request is DENIED. "A proper response to a Request for Admission can be an admission or denial. When a matter is completely denied, the truth of the matter must be proved at trial. That Plaintiff disagrees with the response is not grounds to compel a different response." *Noble v. Adams*, No. CV F 03-5407 AWI SMS P, 2006 WL 3028543, at *3 (E.D. Cal. Oct. 24, 2006); *see also Michael v. Wes Banco Bank, Inc.*, No. CIVA 5:04CV46, 2006 WL 1705935, at *2 (W.D. Va. June 16, 2006) ("[A] consideration of 'sufficiency' [of a response to an RFA] should focus on the specificity of the response and not on whether the response was accurate."). If plaintiff believes that defendant has provided untruthful answers about what documents the insurance company relied on when it denied the claim, plaintiff can propound additional discovery, including taking depositions, to explore that issue.

However, if plaintiff contends that defendant's RFA answers do not comply with the requirements of Rule 36, plaintiff may file a motion to compel amended answers. If plaintiff wishes to file a motion to compel, plaintiff must first meet and confer with defendant regarding the specific ways in which plaintiff contends defendant's answers do not comply with the rules, and plaintiff must attach a copy of the discovery requests and responses to the motion to compel.

**IT IS SO ORDERED**.

Dated: October 30, 2018

_____
SUSAN ILLSTON
United States District Judge