UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br>　　　　Plaintiff,<br>　　v.<br>MT. HAWLEY INSURANCE COMPANY, *et al.*,<br>　　　　Defendants. | Case No. 18-cv-00519-SI<br><br>**ORDER RE: DISCOVERY**<br>Re: Dkt. No. 63 |

The parties have submitted a discovery dispute to the Court. The parties disagree about how to calculate the number of interrogatories propounded by plaintiff and thus whether plaintiff has exceeded the limit granted by the Court (50). At issue are 11 requests for admission ("RFAs") with corresponding interrogatories (Interrogatory No. 31, Set 2) asking, for each denial: (1) all facts upon which the denial is based, (2) the names, addresses, and phone numbers of all persons who have knowledge of those facts, and (3) the identification of all documents that support the denial. Mt. Hawley denied 10 of the 11 RFAs.

Plaintiff argues that the RFAs all relate to defendant Mt. Hawley's online claims investigation, and thus that the 11 separate RFAs should be considered as a single RFA and the corresponding interrogatories should be counted as three: one asking for the facts, one asking for the names, addresses and phone numbers, and one asking for the documents. Mt. Hawley contends that plaintiff propounded three separate interrogatories for each separate RFA, and thus that plaintiff's Interrogatory No. 31 counts as 30 interrogatories (10 RFA denials, with 3 interrogatory subparts).

There is "a strong presumption that each underlying request for admission constitutes a separately countable subpart." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 446 (C.D. Cal. 1998).

"[A]n interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should be construed as containing a subpart for each request for admission contained in the set." *Id*.

> This does not mean, of course, that every interrogatory of this sort necessarily contains a separate subpart for each underlying request for admission. In principle, the requests for admissions must be examined and the relationship among them must be determined. For example, perhaps an interrogatory seeking the basis for the denial of three requests for admissions which asked the responding party to admit that a specified meeting occurred on May 25, May 26, or May 27 should not be viewed as containing three subparts because each of the three requests for admissions concerned the same subject, that is, the date on which a specified meeting took place. Where the underlying requests for admissions concern different, separate, or discrete matters, however, the interrogatory should be viewed as containing a subpart for each request

*Id.*

The Court agrees with defendant that plaintiff's RFAs concern different matters, and thus that Interrogatory Set 2 should be counted as 3 separate interrogatories for every RFA denial. Plaintiff's assertion that the RFAs all relate to Mt. Hawley's online claims investigation frames the subject too broadly. The RFAs addressed separate and distinct subjects, such as when Mt. Hawley "obtained" specific documents and when various construction projects were performed or completed. Plaintiff complains that defendant's verified RFA and interrogatory answers force plaintiff to "take defendant's word" regarding how it handled plaintiff's claim. However, defendant states it also produced contemporaneous diary notes, and that a deposition of a Mt. Hawley representative is scheduled for December 12, 2018. Plaintiff can explore unanswered questions about defendant's claims handling in the deposition.[1]

Plaintiff requests leave to propound additional interrogatories in the event the Court concludes that plaintiff has exceeded the limit. The Court finds that plaintiff's proposed additional interrogatories are burdensome and not proportional to the needs of the case. Several of the proposed interrogatories are broadly framed and could be considered to consist of multiple

---

[1] The parties' letter brief does not state who will be deposed, but presumably defendant's claims handling practices, and specifically defendant's handling of plaintiff's claim, will be subjects of the deposition.

2

interrogatories within a single interrogatory, such as the interrogatory asking for all facts that John McKee researched information online prior to denying plaintiff's claim, including the date and time of research, the subject of the research, the information obtained through the research, where the research took place, and any information corroborating the research. Several of the proposed interrogatories ask defendant to identify documents relevant to the claims handling process: plaintiff can reframe those interrogatories as document requests. Finally, as stated above, plaintiff can ask questions about the online research performed as part of the claims handling process in the deposition.

**IT IS SO ORDERED**.

Dated: November 19, 2018

SUSAN ILLSTON
United States District Judge